UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RYAN HARTZEL,

Plaintiff,

v.                                                Civil Action No.

SUNPATH, LTD and
JOHN DOE d/b/a AUTO PROTECTION,

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Ryan Hartzel, is a natural person residing in County of Erie and State of New York.

5. Defendant, Sunpath, LTD. is a foreign corporation organized under the laws of Delaware doing business in the State of New York.

6. Defendant, John Doe d/b/a Auto Protection is a company or sole propritor doing business in the State of New York.

7. That at all times relevant herein, Defendants owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

9. That at all times relevant herein, Defendants have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

10. That Defendants, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

11. That Defendants, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

12. That Defendants, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendants, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

14. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. All references to "Defendants" herein shall mean the Defendants or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

16. In or about 2013, Defendant Auto Protection began calling Plaintiff on his cellular telephone multiple times per day, per week.

17. Plaintiff never gave consent to either Defendant Auto Protection or Defendant Sunpath to call his cellular telephone.

18. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA.

19. In or about 2013, Defendant Auto Protection began calling the Plaintiff on his cellular phone. Upon the Plaintiff answering the call, an automated voice message would instruct him to press 1 to speak to a representative or 2 to stop receiving calls about auto car warrenties. Plaintiff pressed 2 for the first several calls from the Defendant Auto Protection.

20. Despite pressing #2 numerous times, Plaintiff continued to receive more automated calls from Defendant Auto Protection . During one these calls, Plaintiff spoke to a representative wherein the Plaintiff instructed the Defendan to stop calling his cellular phone.

21. Despite such instruction, the Defendant Auto Protection still called the Plaintiff on his cellular telephonea and would leave automated messages. Defendant's message instructed the Plaintiff to call 888-990-7786 or visit there website at gosunpath.com. if he would like more information regarding auto warrenties.

22. That Defendant Auto Protection continued to call the Plaintiff through 2016.

23. Despite Plaintiff's repeated requests that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to deliberately call Plaintiff on his cellular telephone using an automatic dialing system as defined by the TCPA.

24. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA.

25. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

26. That upon information and belief, Defendant Auto Protection is the agent for Defendant Sunpath.

27. That upon information and belief, Defendant Auto Protection conduct described herein came at the direction of Defendant Sunpath.

28. That Defendant Sunpath is vicariously liable for Defendant Auto Protection's conduct.

29. As a result of the foregoing, Plaintiff became nervous, upset, and suffered from emotional distress.

V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

30. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

31. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by

initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiff to make such calls and leave such messages.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

36. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

37. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c)  Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d)  For such other and further relief as may be just and proper.


Dated: September 9, 2016

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
(716) 332-1884 fax
Email: sandrews@kennethhiller.com
        khiller@kennethhiller.com